In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 15-2044, 15-2082, 15-2109

ALPHONSE D. OWENS,

*Plaintiff-Appellant,*

*v.*

LVNV FUNDING, LLC,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-02083 — **Jane E. Magnus-Stinson**, *Judge.*

———————————

TIA ROBINSON,

*Plaintiff-Appellant,*

*v.*

ECAST SETTLEMENT CORP., *et al.*,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-08277 — **Manish S. Shah**, *Judge.*

———————————

JOSHUA BIRTCHMAN,

*Plaintiff-Appellant,*

*v.*

LVNV FUNDING, LLC, *et al.,*

*Defendants-Appellees.*

————————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-00713 — **Jane E. Magnus-Stinson**, *Judge.*

————————————

ARGUED JUNE 1, 2016 — DECIDED AUGUST 10, 2016

————————————

Before WOOD, *Chief Judge*, and BAUER and FLAUM, *Circuit Judges*.

FLAUM, *Circuit Judge*. In each of these consolidated cases, a debt collector filed a proof of claim, defined as "a written statement setting forth a creditor's claim," Fed. R. Bankr. P. 3001(a), for a time-barred debt in a Chapter 13 bankruptcy proceeding. After successfully objecting to the proof of claim, the debtor sued the debt collector in federal court, alleging that the act of filing a proof of claim on a stale debt violates §§ 1692e and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). In each case, the district court granted the defendant debt collector's motion to dismiss. For the reasons that follow, we affirm those decisions.

## I. Background

The three consolidated cases currently before us are similar in material respects. In each case, a debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code.[1] The debtor was represented by counsel throughout the proceedings. In addition, a trustee was assigned to the case.

During the bankruptcy proceedings, a debt collector submitted a proof of claim for a "stale" debt, or a debt for which the statute of limitations had expired.[2] The debt collector was not the original creditor, but instead a professional debt buyer who had purchased the stale obligation at a fraction of the debt's face value. As required by Federal Rule of Bankruptcy Procedure 3001, the proof of claim filed by the debt collector accurately noted the origin of the debt, the date of the last payment on the debt, and the date of the last transaction.

Realizing that the debt was time-barred and thus subject to an affirmative defense, the debtor objected to the claim, which was disallowed and eventually discharged. Shortly thereafter, the debtor brought a separate suit in federal court against the debt collector, alleging that the act of filing a proof of claim on a time-barred debt constituted a false, deceptive, misleading, unfair, or unconscionable means of collecting a debt in violation of §§ 1692e and 1692f of the FDCPA.

In each case, the district court granted defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[1] The plaintiff-debtors are Alphonse D. Owens, Tia Robinson, and Joshua Birtchman.

[2] The defendant-debt collectors are LVNV Funding, LLC and eCast Settlement Corporation.

Two of the decisions—*Owens* and *Birtchman*—involved the same defendant and were decided on the same day by the same district court judge. In those decisions, the district court rejected the argument that the act of filing a proof of claim was deceptive or unfair, noting that the defendant was entitled to do so under the Bankruptcy Code. The district court also observed that defendant's proof of claim was complete, accurate, and provided the date of the final payment; as such, the court concluded that the proof of claim was not false or misleading.

In *Robinson*, the district court likewise dismissed the plaintiff's complaint under Rule 12(b)(6), holding that filing a proof of claim on a time-barred debt was not a deceptive, false, or misleading debt collection practice. The plaintiff then filed an amended complaint in which she added additional allegations under the FDCPA. The district court dismissed the amended complaint as well, holding that the confirmation of plaintiff's bankruptcy plan barred her FDCPA claims under the doctrine of res judicata. The plaintiffs in all three cases appeal.

## II. Discussion

Plaintiffs contend that the district courts erred by granting defendants' motions to dismiss. They maintain that filing a proof of claim on a stale debt misleads the debtor about the legal status of the debt and thus violates the FDCPA's prohibition against false, deceptive, misleading, unfair, and unconscionable debt collection practices.[3] Their argument has two

---

[3] The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

components. First, plaintiffs allege that the act of filing a proof of claim on a time-barred debt is inherently misleading because "claim" is defined to include only legally enforceable obligations. In other words, plaintiffs contend that because the claim process in bankruptcy is reserved for enforceable obligations, filing a proof of claim on a stale debt falsely cloaks the underlying obligation with an air of legitimacy. Second, plaintiffs contend that filing a stale proof of claim is deceptive because, in practice, the debtor and his attorney sometimes fail to object to the claim, allowing the debt collector to collect on an unenforceable obligation. Plaintiffs rely on our case law holding that the FDCPA prohibits creditors from filing lawsuits to collect on stale debts. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). They allege that the rationale for this holding also applies in the bankruptcy context.

We review a dismissal under Rule 12(b)(6) de novo, accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences in the light most favorable to the plaintiffs. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).

**A. Definition of "Claim"**

As an initial matter, we disagree with plaintiffs' assertion that the term "claim" includes only legally enforceable obligations, and that filing a proof of claim on a stale debt is therefore per se illegal under the FDCPA. The Bankruptcy Code broadly defines a "claim" as a "right to payment, whether or

---

§ 1692e. The Act also prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f.

not such right is reduced to judgment, liquidated, unliqui-
dated, fixed, contingent, matured, unmatured, disputed, un-
disputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C.
§ 101(5)(A). It would be strange to interpret "claim" as exclud-
ing legally unenforceable obligations when two of the enu-
merated examples—"contingent" and "unmatured" claims—
afford the creditor no collection right under state law when
the claim is filed with the bankruptcy court.[4] *See, e.g.,* *In re
Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1192 (7th
Cir. 1993) (noting that contingent claims exist even before a
cause of action has accrued).

Moreover, a "claim" is defined as a right to payment.
§ 101(5)(A). In most jurisdictions, including Illinois and Indi-
ana, the expiration of the statute of limitations period does not
extinguish the underlying debt. *See Mascot Oil Co. v. United
States*, 42 F.2d 309, 311 (Ct. Cl. 1930), *aff'd*, 282 U.S. 434 (1931)
("[T]he statute of limitations or other bar against a remedy for
the collection of a debt does not extinguish the liability there-
for."); *Donaldson v. LVNV Funding, LLC*, 97 F. Supp. 3d 1033,
1039 (S.D. Ind. 2015) ("It is true that [the creditor] cannot file
a lawsuit, but it is the law in Indiana that the debt is still owed.
The statute of limitations does not extinguish the debt, it

---

[4] The dissent disagrees with our reliance on this statutory language. Alt-
hough the dissent is correct that the statutory definition of claim does not
explicitly include time-barred debts, the list is not exhaustive, and instead
sets forth examples of the types of debts that could constitute a claim. Our
point is not that time-barred debts fit neatly into any of these categories
(although they are in fact contingent, as certain actions by the debtor can
restart the statute of limitations period even after it has run, *see* note 6 *in-
fra*). Instead, we observe that by including these examples, the broad stat-
utory definition of claim undermines plaintiffs' argument that a claim in-
cludes only legally enforceable obligations.

merely limits avenues of collection."); *Fleming v. Yeazel*, 40 N.E.2d 507, 508 (Ill. 1942) ("[T]he statute of limitations controls the remedy for recovery of the debt, but the debt remains the same as before, excepting that the remedy for enforcement is gone." (citation omitted)). In other words, a time-barred debt is still a debt, even if the creditor cannot file a collection suit. *See Pearl–Phil GMT (Far E.) Ltd. v. Caldor Corp.,* 266 B.R. 575, 581 (S.D.N.Y. 2001) ("Thus, under the Code, a right to payment need not be currently enforceable in order to constitute a claim."). We have also held that the fact that the statute of limitations has run does not mean that all avenues of collection are prohibited. *See McMahon v. LVNV Funding*, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that it is not "automatically improper for a debt collector to seek re-payment of time-barred debts" so long as the debt collector does not use deceptive practices). Implicit in this holding is the understanding that a creditor with a stale debt retains some right to payment, even if recourse is only grounded in the debtor's moral obligation to pay. *Id.* (observing that "some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished").

Therefore, a "claim" in bankruptcy is "more extensive than the existence of a cause of action that entitles an entity to bring suit." *In re Keeler*, 440 B.R. 354, 362 (Bankr. E.D. Pa. 2009) (citing *In re Remington Rand Corp.*, 836 F.2d 825, 831–32 (3d Cir. 1988)); *In re Grossman's*, 607 F.3d 114, 121 (3d Cir. 2010) (holding that a "claim" can exist in bankruptcy notwithstanding an inability to commence an action under state law at the time of filing). Further support for this interpretation comes from the claim allowance process set forth in the Bankruptcy Code, which has been described as a "sifting process." *Gardner v. New Jersey*, 329 U.S. 565, 573 (1947); *see also Travelers Cas. &*

*Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007)
(describing the claim allowance process). Once a debtor files
for bankruptcy, a bankruptcy estate is created that consists of
"all legal or equitable interests of the debtor … ." 11 U.S.C.
§§ 541(a)(1); 1306(b). A creditor who wishes to collect on a
debt may file a proof of claim, or "a written statement setting
forth a creditor's claim." Fed. R. Bankr. P. 3001(a); *Travelers*,
549 U.S. at 449 ("When a debtor declares bankruptcy, each of
its creditors is entitled to file a proof of claim … ."). A proof
of claim "constitute[s] prima facie evidence of the validity and
the amount of the claim,"[5] but not all claims are entitled to

---

[5] In addition, a creditor who files a proof of claim certifies that the claim
is "not being presented for any improper purpose" and is "warranted by
existing law … ." Fed. R. Bankr. P. 9011(b)(1), (2). Sanctions are available
for violations of this rule. *See In re Volpert,* 110 F.3d 494, 501 n.11 (7th Cir.
1997); *see also* 11 U.S.C. § 105(a) (providing that a bankruptcy court has
inherent power to impose sanctions). During oral argument, plaintiffs
contended for the first time that defendants' conduct was eligible for sanc-
tions and that the FDCPA applies to sanctionable conduct. Although at
least one bankruptcy court has imposed sanctions on a debtor who filed a
proof of claim on a time-barred debt, others have refused to do so, and
this Court has not yet ruled on the propriety of sanctioning a debt collector
who engages in the type of conduct at issue in these cases. *Compare In re
Sekema,* 523 B.R. 651, 655 (Bankr. N.D. Ind. 2015) (imposing a $1,000 sanc-
tion against a debt collector that filed time-barred proofs of claim), *with In
re Keeler,* 440 B.R. at 366–67 ("Given that section 501(a) authorizes every
creditor holding a claim to file a proof of claim, even if that claim is later
disallowed under section 502(b), section 105(a) does not state a cause of
action to sanction such a filing."); *In re Simpson,* No. 08-00137, 2008 WL
4216317, at *3 (Bankr. N.D. Ala. Aug. 29, 2008) (holding that the creditor's
act of filing a proof claim on a time-barred debt was not sanctionable un-
der § 105(a)); *and In re Varona,* 388 B.R. 705, 723–24 (Bankr. E.D. Va. 2008)
(same); *cf. In re Fesco Plastics Corp.,* 996 F.2d 152, 154 (7th Cir. 1993)

payment. Fed. R. Bankr. P. 3001(f). Importantly, the bank-
ruptcy court must, upon an objection by a party in interest,
disallow any claim that "is unenforceable against the debtor
… under any agreement or applicable law[.]" 11 U.S.C.
§ 502(b)(1). Furthermore, the Code specifically enumerates
statutes of limitation as one means of proving the unenforce-
ability of a claim. § 558; *see also In re Keeler*, 440 B.R. at 360
("Therefore, if as of the date of the debtor's bankruptcy filing
a creditor's claim was barred by the applicable statute of lim-
itations, then the claim must be disallowed upon objection by
a party in interest.").

Thus, the Bankruptcy Code contemplates that creditors
will file proofs of claim for unenforceable debts—including
stale debts—and that the bankruptcy court will disallow
those claims upon the debtor's objection. Indeed, filing a
proof of claim allows the debt to be processed in the bank-
ruptcy proceeding, which is intended to be all-encompassing.
*In re Am. Reserve Corp.*, 840 F.2d 487, 489 (7th Cir. 1988) ("The
principal function of bankruptcy law is to determine and im-
plement in a single collective proceeding the entitlements of
all concerned."); *In re Glenn*, 542 B.R. 833, 841 (Bankr. N.D. Ill.
2016) ("Above all, bankruptcy is a collective process, de-
signed to gather together the assets and debts of the debtor
and to effect an equitable distribution of those assets on ac-
count of the debts. The more participation there is; the better
this process works." (citing *Levit v. Ingersoll Rand Fin. Corp.*,
874 F.2d 1186, 1194 (7th Cir. 1989)); 1 NORTON BANKR. L. &

---

("[W]hen a specific Code section addresses an issue, a court may not em-
ploy its equitable powers to achieve a result not contemplated by the
Code.").

PRAC. 3d § 3:9 (2016) ("A fundamental principle of the bank-
ruptcy process is the collective treatment of all of a debtor's
creditors at one time."). In fact, sometimes even Chapter 13
debtors—such as plaintiff Owens—list stale debts in the
schedule of unsecured debts that they file with the bank-
ruptcy court. This is because debts that are not brought to the
bankruptcy court's attention (either by the debtor or by the
creditor who files a proof of claim) will not be discharged, *see*
11 U.S.C. § 1328(a), and a debt that is not discharged remains
collectible, although the avenues for collection are limited. *See
McMahon*, 744 F.3d at 1020.[6]

It is true that debtors may fail to object to a proof of claim
for a stale debt. When that occurs, the debt becomes part of
the confirmed bankruptcy plan and the debtor is required to
pay a portion of it. To reduce the risk of this outcome, credi-
tors are required to include details about the status and origin
of the debt on the proof of claim form. Fed. R. Bankr. P.
3001(c)(3). The most recent revision to the Federal Rules of
Bankruptcy Procedure explains:

> Because a claim [based on consumer credit
> debts] may have been sold one or more times
> prior to the debtor's bankruptcy, the debtor
> may not recognize the name of the person filing
> the proof of claim. Disclosure of the information
> required [under Rule 3001(c)(3)] will assist the

---

[6] In fact, the statute of limitations period can be restarted by the debtor's
conduct, such as by making a payment on or promising to pay the debt.
*See, e.g.*, 735 Ill. Comp. Stat. 5/13-206. Of course, a debtor who alerts the
bankruptcy court to the existence of the time-barred debt or who objects
to a proof of claim on a stale debt would secure a full discharge of the debt,
without any fear of it returning on some future occasion.

> debtor in associating the claim with a known ac-
> count. *It will also provide a basis for assessing the
> timeliness of the claim.*

Fed. R. Bankr. P. 3001, Advisory Committee Notes (emphasis
added).

These established procedures—the filing of the proof of
claim, the opportunity to object, and the required disclosure
on the proof of claim form—confirm that the Bankruptcy
Code anticipates that creditors will file proofs of claim on
stale debts. Nonetheless, plaintiffs maintain that we should
rely on their limited interpretation of "claim." The only sup-
port for their argument comes from a statement made in dicta
by the U.S. Supreme Court in *Pennsylvania Department of Pub-
lic Welfare v. Davenport*, 495 U.S. 552 (1990). In that case, the
Court explained that a claim is a "right to payment," and "a
'right to payment' is nothing more nor less than an enforcea-
ble obligation … ." *Id.* at 559.

Plaintiffs take this statement out of context. *Davenport* con-
sidered whether restitution obligations imposed in state crim-
inal proceedings were "debts" as defined by 11 U.S.C.
§ 101(11). *Id.* at 558. Because "debt" is defined as "liability on
a claim," the Court looked to the definition of "claim," which
is defined as a "right to payment." *Id.* (quoting § 101(4)(A)).
The petitioners argued that a restitution order could not rep-
resent a "right to payment" because the obligation could only
be enforced by threatening to revoke probation, and not in
civil proceedings. *Id.* at 558–59. The Supreme Court rejected
petitioners' argument that the reason for an obligation or the
way that it was enforced could take it outside of the statutory
definition of "claim." *Id.* at 560. In so doing, the Court noted

that a right to payment is "nothing more nor less than an enforceable obligation[.]" *Id.* at 559.

Taken in context, it is apparent that this statement was not intended to address the issue of whether a "claim" includes only enforceable obligations. *See Johnson v. Midland Funding, LLC*, 528 B.R. 462, 466–67 (S.D. Ala. 2015), *rev'd on other grounds*, 2016 WL 2996372 (11th Cir. May 24, 2016) (noting that *Davenport* "cannot plausibly be read for the proposition that a 'right to payment' … ceases to exist the moment the statute of limitations expires"). Moreover, the Supreme Court's treatment of this subject in other cases conflicts with plaintiffs' interpretation.

The Supreme Court has repeatedly recognized that Congress intended for the term "claim" to have "the broadest possible definition." *Davenport*, 495 U.S. at 563–64 (internal quotation marks omitted); *see also FCC v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 302 (2003); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *Ohio v. Kovacs*, 469 U.S. 274, 279 (1985). In *Home State Bank*, the Supreme Court explored the legislative background and history of the Code in evaluating whether a mortgage interest could be characterized as a "claim." *Id.* at 85–87. The Court observed that unlike the modern Bankruptcy Code, the pre-1978 Code did not contain a single definition for claim, but defined a claim for purposes of corporate reorganizations as "includ[ing] all claims of whatever character against a debtor … ." *Id.* at 85 (alteration in original) (quoting 11 U.S.C. § 506(1) (1976)). The Court noted that in drafting a single definition of "claim" for the 1978 Code, Congress intended to "adop[t] an *even broader* definition of claim than [was] found in the [pre-1978 Act's] debtor rehabilitation chapters." *Id.* at 86 (alterations in original)

(quoting H.R. Rep. No. 95-595, at 309 (1977), *reprinted* in 1978 U.S.C.C.A.N. 5963, 6266). Congress also explained: "By this broadest possible definition … the bill contemplates that all legal obligations of the debtor, *no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case. *It permits the broadest possible relief in the bankruptcy case.*" H.R. Rep. No. 95-595, at 309 (emphasis added). Indeed, since *Davenport*, the Supreme Court has clarified that a "claim" merely *includes* a right to payment, which is nothing more nor less than an enforceable obligation. *See NextWave*, 537 U.S. 302–03.

We therefore decline to adopt plaintiffs' limited interpretation of "claim" and hold that a proof of claim on a time-barred debt does not purport to be anything other than a claim subject to dispute in the bankruptcy case. Filing such a proof of claim is not inherently misleading or deceptive.

## B. The FDCPA

The fact that the Bankruptcy Code permits creditors to file proofs of claim on stale debts does not conclusively answer the question presented in this case—whether defendants' conduct violated the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 731 (7th Cir. 2004) (holding that the Bankruptcy Code did not implicitly repeal the FDCPA). Thus, we must determine whether defendants' attempts to collect on plaintiffs' time-barred debts in bankruptcy were false, deceptive, or misleading under the FDCPA.

Plaintiffs argue that defendants' conduct was deceptive or unfair because their business model depends on the reality that the debtor, the trustee, and the debtor's attorney will sometimes fail to object to the stale claims. In other words, plaintiffs contend that creditors take advantage of the fact that

the bankruptcy process will sometimes "break down and fail." Plaintiffs rely on *Phillips v. Asset Acceptance, LLC*, in which we held that filing a state court lawsuit to collect on a time-barred debt violates the FDCPA. 736 F.3d at 1078. In *Phillips*, we explained that suing to collect on an old debt was misleading or deceptive because the consumer might not recall the debt or have evidence to mount a statute of limitations defense; in fact, an unsophisticated consumer might not even be aware of the statute of limitations defense. And "even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court …." *Id.* at 1079 (quoting *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)). Plaintiffs contend that these concerns are likewise present in the bankruptcy context.

There is a circuit split on the issue of whether filing a proof of claim on a stale debt in bankruptcy is a misleading or deceptive act prohibited by the FDCPA. In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–60 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1844 (2015), the Eleventh Circuit relied on *Phillips* to hold that it is. The Court reasoned that the act of filing the proof of claim "create[d] the misleading impression to the debtor that the debt collector can legally enforce the debt." *Id.* at 1261. In so holding, the Eleventh Circuit relied on the "least sophisticated" consumer standard, which asks whether an unsophisticated consumer would be misled by the debt collector's conduct. *Id.*

The Second Circuit reached a different conclusion in *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 94 (2d Cir. 2010). In that case, the debtor objected to an inflated proof of claim

and the bankruptcy court ultimately reduced the claim by more than half. *Id.* at 95. The debtor then sued the creditor in federal court, alleging that the creditor violated the FDCPA by misrepresenting the amount of the debt. *Id*. The district court dismissed the suit and the Second Circuit affirmed. *Id*. The Second Circuit noted that federal district courts across the country have held that the act of filing a proof of claim in bankruptcy court is not an abusive debt collection practice proscribed by the FDCPA, even if the claim is invalid or un-enforceable. *Id.* at 95–96. The Second Circuit reasoned that debtors who are under protection of the bankruptcy court do not need additional protection from debt collectors because the bankruptcy process affords sufficient remedies for abuse. *See id.* at 96.[7] Recently, the Eighth Circuit relied on *Simmons* when rejecting a plaintiff-debtor's request to extend the FDCPA to time-barred proofs of claim in a case with nearly identical facts to the cases currently before us. *See Nelson v. Midland Credit Mgmnt.*, No. 15-2984, 2016 WL 3672073 (8th Cir. July 11, 2016).

---

[7] At oral argument, plaintiffs contended that the Second Circuit cast doubt on the continuing validity of *Simmons* in *Garfield v. Ocwen Loan Servicing, LLC,* 811 F.3d 86 (2d Cir. 2016). We disagree. The plaintiff in *Garfield* filed a suit in district court against a creditor who attempted to collect on a debt by threatening foreclosure and sending a delinquency notice, even though the debt had been discharged in the debtor's Chapter 13 bankruptcy. *Id.* at 88. In holding that the plaintiff-debtor had stated a claim for a FDCPA violation, the Second Circuit clarified that the Bankruptcy Code did not implicitly repeal the FDCPA. *Id*. at 91–92 (citing *Randolph,* 368 F.3d at 730). The Second Circuit did not abandon the rationale underlying *Simmons*— that there is less of a need to protect debtors who are protected by the bankruptcy court.

Like the Eighth Circuit, we decline to follow the Eleventh Circuit's approach. *See id.* at *2. As an initial matter, we note that the concerns identified in *Phillips* regarding the misleading or deceptive nature of the conduct are less acute when a proof of claim is filed in bankruptcy, especially in a counseled case, as opposed to when a lawsuit is filed in state or federal court.[8] First, because the proof of claim is required to inform the debtor about the age and origin of the debt, the consumer need not have a memory of it or records documenting it to file an objection—the affirmative defense is evident on the face of the claim. *See In re La Grone*, 525 B.R. 419, 427 (Bankr. N.D. Ill. 2015) ("Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt … must list the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss… . [Therefore,] a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired."). Second, as in the cases before us, debtors filing for bankruptcy are usually represented by attorneys who are familiar with the statutes of limitations for different types of

---

[8] The dissent reads *Phillips* and *McMahon* as precluding "any use of legal process" to collect on a stale debt. We do not read those cases as announcing a broad rule of this kind. *Phillips* outlawed lawsuits to collect stale debts, and for the reasons discussed above, we conclude that the rationale for that holding does not apply to the act of filing a proof of claim. The proper inquiry, set forth in *McMahon* and *Evory v. RJM Acquisitions Funding LLC*, for evaluating other types of collection activities employed by debt collectors is whether the collection effort would mislead the recipient of the communication (in the cases before us, the debtor's lawyer or bankruptcy trustee) into believing that the debt is legally enforceable. *See McMahon*, 744 F.3d at 1020; *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 774 (7th Cir. 2007).

debt. Even in other cases, when the debtor proceeds pro se, a bankruptcy trustee who is duty-bound to object to improper claims is appointed to oversee the proceedings. In addition, a debtor who has initiated bankruptcy proceedings and thus demonstrated a willingness to participate in them is unlikely to give in rather than fight the claim.[9]

Significantly, the Eleventh Circuit's decision in *Crawford* is inapposite in light of our precedent. In *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), we held that the "unsophisticated consumer" standard is not appropriate when evaluating whether communications made to a *debtor's lawyer* violated the FDCPA. *Id.* at 774. Rather, a court should evaluate whether the communications would be likely to mislead a competent lawyer. *Id.* at 775; *see also Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016) (reaffirming the "competent attorney" standard).

It is undisputed that plaintiffs were represented by counsel at all stages of their bankruptcy proceedings. Further, as discussed, the bankruptcy process afforded additional protections, including the appointment of trustees who were duty-bound to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. §§ 704(a)(5); 1302(b)(1). Therefore, we must evaluate defendants' actions

---

[9] Plaintiffs contend that filing objections to time-barred claims burdens the debtor and the bankruptcy court tasked with processing the objections. But the costs associated with objecting to a proof of claim are not substantial, as the objection process is simple. As the National Association of Consumer Bankruptcy Attorneys pointedly acknowledged in their amicus brief supporting plaintiffs' position, "this sort of motion practice is among the simplest … that [a consumer bankruptcy attorney] encounters."

under a "competent attorney" standard. *Bravo*, 812 F.3d at 603.

We conclude that, under this standard, defendants' conduct was not deceptive or misleading. Plaintiffs do not allege that the information contained in the proof of claim was misleading; instead, they admit that the proofs of claim set forth accurate and complete information about the status of the debts. *See Donaldson*, 97 F. Supp. 3d at 1038 ("A factual, true statement about the existence of a debt and the amount … is neither false nor deceptive."); *cf. Sheriff v. Gillie*, 136 S. Ct. 1594, 1601 (2016) (noting that accurate statements are not false or misleading for purposes of the FDCPA). Therefore, to determine whether the statute of limitations had run, plaintiffs' attorneys had to look no further than the proof of claim form, which included the date of the most recent payment. With that information, a reasonably competent lawyer would have had no trouble evaluating whether the debt was timely. *See Birchman v. LVNV Funding, LLC*, No. 1:14-cv-00713, 2015 WL 1825970, at *8 (S.D. Ind. Apr. 22, 2015) ("A competent lawyer would undoubtedly be aware of the statute of limitations defense that is common in most areas of law and permitted by the Bankruptcy Code."). In sum, plaintiffs have failed to present any evidence that defendants engaged in deceptive, misleading, unfair, or otherwise abusive conduct prohibited by the FDCPA.

We are not unsympathetic to plaintiffs' concern that in certain cases, debtors and their representatives fail to object to claims for unenforceable debts, which then become part of the bankruptcy plan. This outcome harms not only the debtor, who is forced to pay a portion of the stale debt out of limited means, but also creditors with legally enforceable debts

whose share of the pie is reduced because an additional creditor is claiming a piece. *See Crawford*, 758 F.3d at 1261. But the risk of this outcome in such cases is not sufficient to support a FDCPA claim in the cases currently before us, where plaintiffs' attorneys successfully objected to proofs of claim that were neither false nor misleading.

The dissent faults us for supposedly ignoring the realities of the bankruptcy process. To be sure, in certain cases, the debtor proceeds pro se and lacks the sophistication to understand that a claim for a stale debt is subject to disallowance, and the trustee does not abide by his statutory duty to review all claims filed in the debtor's case. Respectfully, the dissent attacks a straw man: this opinion does not foreclose relief under the FDCPA in cases involving such facts. We reiterate that any debt collection practice that "misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable" violates the FDCPA. *McMahon*, 744 F.3d at 1020. The dissent decries a problem that is not present here—in these cases, the debtors *were* represented by attorneys and were able to secure complete discharge of the time-barred debts in their Chapter 13 bankruptcy proceedings without undue cost or burden.

Of course, if defendants had filed proofs of claim with inaccurate information, or had otherwise engaged in deceptive or misleading debt collection practices, plaintiffs would have a cause of action under the FDCPA. *See McMahon*, 744 F.3d at 1020; *Phillips*, 736 F.3d at 1079. But in these cases, the district courts did not err in concluding that plaintiffs had not stated claims for relief under the FDCPA.[10]

---

[10] Because we affirm the district courts' conclusion that defendants' conduct did not violate the FDCPA, we do not address the district court's

### III. Conclusion

For the foregoing reasons, the judgments are AFFIRMED.

---

holding in *Robinson* that a confirmed Chapter 13 plan bars FDCPA claims that could have been filed in the bankruptcy proceeding under the doctrine of res judicata.

WOOD, *Chief Judge*, dissenting. This court held, in *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1079 (7th Cir. 2013), that the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, prohibits a creditor from filing a lawsuit in state court to collect a debt for which the statute of limitations has expired. See also *McMahon v. LVNV Funding*, 744 F.3d 1010, 1020 (7th Cir. 2014). Today, the majority holds that the creditor may take comparable action within a bankruptcy proceeding, by filing a proof of claim on a debt that it knows to be stale — an action the creditor will take knowing that it will result in payment only if the staleness of the debt slips past the debtor, her lawyer (if she has one), and the trustee, and thus become collectible through the bankruptcy court (at the expense of other creditors). They rely on the broad scope of the types of claims that may or must be filed in bankruptcy, on the extra protections they believe bankruptcy affords, and the fact that the type of limitations bar we are considering here cuts off only the right to sue, not the cause of action itself. None of those rationales holds up under close inspection, in my view, and so I dissent.

It is helpful to begin with a brief review of the holdings of *Phillips* and *McMahon*. In *Phillips*, the plaintiff sought to bring a class action against a debt collector that had sued her after the statute of limitations on the underlying creditor's claim had run. If that was true, we said, citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) (per curiam); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332–33 (6th Cir. 2006); and *Hekert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 875–76 (N.D. Ill. 2009), the debt collector's suit violated the FDCPA. We followed up on that statement in *McMahon*. Nothing in *McMahon* suggested that a *lawsuit* based on a time-barred debt, or even a demand for payment under color of

legal right, is permissible, in the absence of an honest disclosure about the creditor's loss of the right to take legal action. Here is what we said:

> We do not hold that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished. But, as we held in *Phillips, supra*, if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation … , the collector has violated the FDCPA. Because it is plausible that an unsophisticated consumer would believe a letter that offers to "settle" a debt implies that the debt is legally enforceable, it was correct in *Delgado* to decline to dismiss the action at this stage, and incorrect to dismiss the class allegations in *McMahon.*
>
> The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute [citing 15 U.S.C. § 1692e(2)(A), (5)].

744 F.3d at 1020. "Seeking" repayment is one thing: it could be accomplished by a polite, non-threatening letter advising the debtor of the debt's existence, *and* the fact that a lawsuit is time-barred. At most, the letter would represent an effort to

persuade the debtor to pay, based on whatever advantage payment might confer (perhaps a moral advantage, perhaps a boost to one's credit rating). This is in stark contrast with the use of any type of legal process, whether a suit in state court, a suit in federal court, or the filing of a claim in bankruptcy. Those are all an entirely different matter, and nothing in *McMahon* condoned any use of any type of court to collect a concededly stale debt. I take it that my colleagues agree with me that proceedings in bankruptcy court "count" as a form of judicial proceeding, given the fact that the bankruptcy court (a unit of the federal district court, see 28 U.S.C. § 151) presides over the legal process of collecting all good-faith claims against the estate, amassing the assets of the estate, setting priorities, identifying what can and cannot be discharged, and then resolving who can be paid and how much. Unless there is something in the Bankruptcy Code to distinguish the proceedings in bankruptcy court from proceedings in the courts involved in *McMahon* and *Phillips*, that is enough for me to hold that the rule of those cases applies here as well.

The majority finds such a distinction in the definition of the word "claim" in the Bankruptcy Code, which provides that a claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A). My colleagues focus particularly on two of the items in this list— "contingent" and "unmatured" claims—as support for their view that a clearly time-barred claim may be submitted by a debt collector consistently with this statute.

Neither of those categories, however, covers a concededly stale debt. A claim based on such a debt is not contingent, because the expiration of the statute of limitations means that a lawsuit to collect it is no longer available. There is no event that could come to pass that could create an enforceable legal obligation for the debtor to pay up—at least no contingency that does not fall within the group of sharp or fraudulent practices that *Phillips* and *McMahon* hold are barred by the FDCPA. It is true that certain actions by the debtor can re-start the statute of limitations after it has run, but the debtor will not take those steps unless she is snookered into thinking that the debt is still legally enforceable. *Cf. Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 639 (7th Cir. 2014) (en banc) (condemning collection tactic of suing in a court that is inconvenient to the debtor, hoping to obtain a default judgment "for a debt that the defendant doesn't actually owe"). We should not distort the meaning of the word "contingent" to include the possibility of the debt collector's successfully tricking the debtor into paying.

A stale debt is certainly not "unmatured." If anything, it is overripe. Nor does the stale debt fit any other category in section 101(5)(A). I do not disagree with the notion, *ante* at n.4, that the list in section 101(5)(A) is illustrative. But it has not persuaded me that an effort to use legal process, hoping that the debtor (and others) will fail to spot a clear limitations defense, falls within either the enumerated possibilities or anything remotely related to them. Some things are simply too speculative, or too much against public policy, to include. A debtor could be induced to pay a fraudulent debt, too, but that does not mean that the Bankruptcy Code should be distorted into facilitating such a payment.

It is important in this connection not to view the Code in isolation from the Rules of Bankruptcy Procedure. The filing of a proof of claim, like any other "petition, pleading, written motion, and other paper," is subject to Bankruptcy Rule 9011, the counterpart to Federal Rule of Civil Procedure 11. By filing the proof of claim, the filer "is certifying that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, … the claims … are warranted by existing law[,] … [and] the allegations and other factual contentions have evidentiary support … ." Fed. R. Bkr. P. 9011(b). No one—not a debt collector, not any other kind of creditor—should be filing a proof of claim that fails to comply with this rule. Public policy, expressed in the Bankruptcy Rules, demands that we do not protect frivolous, bad-faith, or unfounded claims. And a proof of claim is no mere request on moral grounds to turn money over from the bankruptcy estate to the claimant: it is a legal mechanism through which the payment of that claim can be compelled, if the claim is not disallowed by the bankruptcy court. Put differently, the bankruptcy process is one of the avenues of collection that the expiration of the statute of limitations closes off for the creditor.

The concepts in Rule 9011 also supply a limitation on the rule that I would apply here. Where an old debt is subject to an ironclad statute of limitations defense, such that any suit on that debt would amount to a violation of Federal Rule of Civil Procedure 11 (and its counterparts in state court and under Bankruptcy Rule 9011), the debt should not be eligible to be submitted in a proof of claim. If, on the other hand, there is a good-faith doubt about the applicability of a statute of limitations, then scheduling is compatible with both Civil Rule 11 and Bankruptcy Rule 9011, because it is possible to

imagine a state of affairs in which a *legally* enforceable obligation exists. That leaves ample room for the operation of section 502(b)(1) of the Bankruptcy Code, which requires the bankruptcy court, upon objection from a party in interest, to disallow any claim that "is unenforceable against the debtor … under any … applicable law[.]" The statute of limitations is one such law, 11 U.S.C. § 558, and there will be cases in which its applicability is the subject of a fair dispute.

My colleagues imply that debtors may actually be better off if the stale claims are submitted to the bankruptcy court, because if the debtor, her lawyer, and the trustee (or one of them) is vigilant, the filing of the proof of the stale claim will be a meaningless act: the time-barred debt will be disallowed, and the debtor will have the protection of the discharge judgment. See *ante* at 9–10 & n.6. That is cold comfort to the debtor who knows that the debt collectors are banking on those cases where no one spots the stale claim—a claim on which an independent lawsuit is already barred by *McMahon* and *Phillips*—and it instead winds up as a recoverable item. Sometimes people like the "belt-and-suspenders" approach, giving them redundant protection of one kind or another, but there is no justification for forcing this on them. The statute of limitations itself is full protection against a lawsuit on a stale claim; it does not need to be supplemented by a bankruptcy discharge. That is why the majority's comment that "a debt that is not discharged remains collectible, although the avenues for collection are limited," *ante* at 10, misses the boat. A time-barred debt *cannot be enforced in a legal proceeding*, even if in a theoretical or moral sense the debt remains.

The majority also tries to shoehorn these stale debts into the "remote or contingent" language used by Congress in

H.R. Rep. No. 95-595. *Ante* at 13. But the stale debt is not "remote." A debt owed by a third party to an entity owned by the debtor might be remote, or a debt Person A owes to Debtor, who then owes Creditor, might be remote. But the case before us now involves just a straightforward debt that could have been enforced until the statute of limitations expired. And I have already explained why these are not contingent debts—there are no contingencies, either anticipatory or after-the-fact, on which its legal collectability depends.

The reason this case is important is because the protections the majority believes exist in the bankruptcy courts are only as good as the human actors working in those courts. The majority notes, *ante* at 16, that "debtors filing for bankruptcy are usually represented by attorneys … ." But "usually" does not mean always. In the Bankruptcy Court for the Northern District of Illinois, in the first five months of 2016 there were 19,291 bankruptcy filings; of that number, 1,748 (about 9%) were *pro se*. Over the course of a year, it is reasonable to conclude that thousands of *pro se* litigants seek the services of that one court. They tend to be unsophisticated (that is often why they fell into financial trouble in the first place), and they easily could be buffaloed into thinking that every proof of claim represented a legal obligation, when the proof makes no mention of the limitations bar. It is unrealistic to think that the *pro se* litigant or the busy trustee will catch every scheduled stale claim—claims presented in filings that do not, in the only respect pertinent here, provide "accurate and complete information" about the matter, because they are mum about the unenforceability of the debt. (Indeed, I would be surprised if very many non-lawyers understand what a statute of limitations is, much less what the difference is between a bar on recovery and extinguishment of a claim.)

My colleagues, *ante* at 19, accuse me of attacking a straw man when I highlight the possibility of abuse, particularly for *pro se* litigants. I beg to differ. They concede that the bankruptcy court will disallow the stale debt as soon as it learns about the limitations defense. Thus, as I indicated at the outset, the scheduling of this debt represents only the hope that it will slip through the cracks and be reborn as an allowed claim in bankruptcy. To the extent they are leaving the door open for an FDCPA claim when a bankruptcy petitioner (*pro se* or otherwise) is misled by the scheduling of the stale claim, I welcome that limitation, though its scope is unclear given the rationale the majority has adopted.

The majority stresses that there is an existing circuit split on this issue, and so we need only to line up on one side or the other. In keeping with our decisions in *Phillips* and *McMahon*, I would align this court with the Eleventh Circuit, see *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–60 (11th Cir. 2014), rather than the Second and Eighth, see *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010); *Nelson v. Midland Credit Mgmt., Inc.*, No. 15-2984, 2016 WL 3672073 (8th Cir. July 11, 2016). I would hold that the scheduling of a proof of claim on a debt that undisputedly is no longer collectible through judicial proceedings because the statute of limitations has expired violates the FDCPA.

I respectfully dissent.